McPHERSON *et al. v.* RICHARDS *et al.*

[87. South. 469. No. 21584.]

PUBLIC LANDS. *Board of supervisors cannot superimpose on a seven-year lease of sixteenth section land an option to release at a stipulated rental.*

The statute authorizing the lease of sixteenth section does not empower the board of supervisors to superimpose upon a seven-year lease an option to the lessee to re-lease the land at a stipulated rental. The statute (chapter 40, Laws 1898) merely gives the lessee a preference to re-lease. A failure to comply with the original lease takes away the option.

APPEAL from chancery court of Quitman county.

HON. G. E. WILLIAMS, Chancellor.

Suit by J. J. McPherson and others against Tom Richards and others. Decree for defendants, and plaintiffs appeal. Reversed and remanded.

*P. H. Lowrey,* for appellant.

The original lease was and is void, from the beginning, for two reasons. First, the board of supervisors had no right to make a lease for more than one year, except on the recommendation of the heads of families of the township. Second, they had no right, even if they had the consent of the heads of families, to make a lease for more than fifteen years.

The law governing at that time was Laws of 1898, chapter 20, page 62, amending section 4149, of the Code of 1892, and section 4159, of the Code of 1892. The law governing in 1911, was Code of 1906, sections 4700 and 4711. The board of supervisors, or any interested person may bring suits of this character, Code 1906, section 4698; *Osbourn* v. *Hinds County,* 71 Miss. 19; *Wright* v. *Lauderdale County,* 71 Miss. 800; *Carroll County* v. *Jones,* 71 Miss. 947; *Boliver County* v. *Coleman,* 15 So. 107. The title of sixteenth sections and authority of supervisors, to deal with them. *Jones* v. *Madison County,* 72 Miss. 777; *Jeff Davis County* v. *James,* 49 So. 611.

While the board of supervisors are authorized to lease sixteenth sections, they cannot lease them for more than one year without consent obtained and certified according to the statute, of the heads of families of the township.

The consent of the heads of families is jurisdictional and must be shown by the record. *Boliver County* v. *Coleman, supra.* In matters of this character nothing can be presumed in favor of the jurisdiction, or the right to make the lease. *Lester* v. *Miller,* 76 Miss. 309; *Craft* v. *DeSoto County,* 79 Miss. 608. If the board of supervisors had authority to make the lease for more than one year, under the action of the heads of families certified by the trustees, by the clear provision of the statute (Act 1898, page 62) they had no right to lease the land for more than fifteen years. The statute expressly says that lands not in a city, town or village shall be leased for a term not exceeding fifteen years. The lease in the case at bar is a lease for twenty-two years. The statute provides that in case of uncleared lands there may be a lease for a term of not exceeding seven years, in consideration of the clearing and improvements, and that said lease may be made with the condition that the lessee shall have the preference to lease the same for another term of fifteen years, or less, at an annual rental to be agreed upon as in other cases of leasing. The board of supervisors in this case proceeded on

the idea that their right to allow a preference for an additional term authorized them to make at one and the same time an unconditional lease for seven years and fifteen years additional, and that they could then anticipate both that the land would be cleared and taken into cultivation by the lessees within the seven year term, and also fix, seven years in advance, what the reasonable rental value of the land would be for the fifteen succeeding years This is clearly not the language, or meaning, or spirit of the statute. If the legislature had so intended they certainly would have said that the board of supervisors might at the same time lease the land for a term of seven years in consideration of clearing and improvements, and for an additional period of fifteen years for an annual rental, then and there to be agreed upon. This would have been a foolish statute, and it should not be presumed, against the clear language of the statute that the legislature so intended.

The primary meaning of prefer is to place in advance, or to regard or to esteem one thing more than another. It is a word so frequently used in reference to matters of this kind, as to have a fixed meaning. Mr. Black in his law dictionary says that to prefer is to give advantage, priority or privilege.

No man who rents his land for one year, with a preference to the tenant for another year at a rental to be agreed upon, would understand, or consider that he had made a two-year lease, but he would understand that he had made a one-year lease and that the tenant would have the preference over any other person to lease the land the next year at such rent as he could get from the third person, or at such rent as they might then agree upon. It is perfectly clear that the board of supervisors in the case at bar undertook to make an authorized lease, very much to the detriment of the patrons of the public schools of this township.

*W. E. Denton,* for appellee.

The lease involved in this controversy was made in April, 1902; and this case, being a matter of contract, is of course governed by the statutes in force at that time which were chapter 123, Code of 1892, and the amendment of section 4149, thereof by chapter 40, page 62, of the Acts of 1898. The first lease of the land involved herein which was at that time uncleared and situated in a dense delta wilderness, was made directly under this amendment of 1898. The order of the board of supervisors for the making of this lease to Tom Richard is found on page 31, and the lease to Richard made under said order is found on page 34 of the record.

The main objection urged by appellant against the validity of this lease is that the consent of the heads of families in the district was not sufficiently evidenced by the certificate of such consent appearing on page 34 of the record. When this certificate is carefully read however, it shows a perfect compliance with section 4159, Code of 1892, which provides the method of calling such meetings and obtaining the consent of heads of families, and surely must have been prepared by some one familiar with the law who had this statute before him. It provides that at such meeting the trustees shall take the sense thereof as to whether the lands shall be leased for a term of years; and this is just exactly what the certificate shows was done. It is true that the certificate does not recommend the exact number of years to be embraced in the term, but there is no statute or other authority anywhere requiring or even permitting the heads of families to determine the length of the term and unless such consent was required by law, it was absolutely unnecessary. *Jones* v. *Madison County,* 72 Miss. 777; *Lauderdale County* v. *East Miss. Mills,* 18 So. 94.

In fact, the matter of fixing the length of the term is expressly left to the board of supervisors alone by section 4154, Code of 1892, which provides that the superintendent

of education shall lease such lands with the approval of the board of supervisors, for the term of (the board) shall direct. "Section 4150, Code of 1892, gave boards of supervisors complete jurisdiction and control over all matters pertaining to sixteenth sections; and of course no exception to this general rule can be made unless expressly provided for by law; and no exception or limitation whatever has been provided anywhere limiting their right to fix the length of the term allowed by law, after they have once obtained the consent of heads of families to lease for a term of years."

At this meeting of heads of families only two questions could be or were considered by them, to-wit: (a) Should the land be leased for one year without consent, or, (b) Should it be leased for a term of years?

It is clear from their report that they wanted it leased for a term. If they had wanted it merely rented for one year of course they knew that no consent was necessary, but they say in their report that they took the sense of the meeting as to whether the land should be leased for a term of years, and they consented and agreed and recommended that said section sixteen be leased to some suitable person. The use of the word "lease" in itself shows that they did not have in mind a simple renting for one year. The word "lease" as generally understood and used means a letting for a term of years; and in the delta especially it means a letting for a number of years in consideration of clearing and improving the land. When they consented to this lease for a term of years, that of course meant and they had in mind any term allowable by law. This appears even more clearly from the testimony of Ben Booth, one of the trustees when the case of *Bolivar County* v. *Coleman,* 71 Miss. 832, was decided in 1894, this testimony *aliunde* the record was incompetent, but thereafter this rule was changed. Acts 1902, chapter 78, page 130, which is still in effect.

The consent of the heads of families and trustees of the district to this lease is further evidenced *aliunde* the rec-

ord by the fact that for seventeen years it was acquiesced in by everybody, including Mr. McPherson who is the moving cause of this litigation and who procured only four other citizens to join him in the institution of the suit and have manifested no interest in it since then, except that they did sign the appeal bond, after judgment was rendered against them for cost in the court below.

This lease contract is also attacked and ridiculed on the ground that the board and superintendent of education exceeded their authority by fixing the rental for the fifteen-year term and by putting it completely into effect in all respects at the same time the seven-year period was put into effect instead of giving the lessee a simple preference to lease the land again after the expiration of the seven years. If we read section 4149, as amended by the Acts of 1898, alone, there is much merit in appellant's argument, because this statute is vague as to when the second lease was to be made or to take effect. It must be remembered however, that the board is given general authority over these lands and may do anything with them which is not expressly prohibited by law; and this statute does not limit them as to the time when the preference is to be exercised, or as to the time when the entire transaction, including both terms, shall be closed by them. It must be presumed however, that the board of supervisors when they executed this lease, and the legislature when it enacted this statute, had in mind and intended compliance with section 211 of the Mississippi Constitution which makes no mention of a mere preference to be given the lessee after the expiration of the preliminary term, but does provide that he shall have the right, thereafter to lease for a term or to hold on payment of ground rent. The argument that the amount of ground rent, should not be fixed until the beginning of the second period may contain ever so much merit, but it should be presented to the legislature and not to the court. If the lessee however, is to have his rents for the second period raised to any sum which may suit the fancy or even the prejudice of some board to be elected

in the distant future, I must say that the provisions for this second term would offer very little inducement for him to lease the land at all. Unless some definite preference or advantage can be assured to him in regard to the second period, I doubt whether any responsible man would take land of the same kind and location and improve it like it should be for a mere seven-year lease.

SAM C. COOK, P. J., delivered the opinion of the court.

Certain resident citizens and taxpayers of Quitman county exhibited their bill of complaint in the chancery court against Tom Richards, the original lessee of certain parts of a sixteenth section in said county, and his grantees and lessees of the north one-half of section 16, township 28, range 1 west. The bill alleged that the lease was void and prayed a cancellation of said lease and an accounting.

We will not attempt to trace the byways of this record, but will endeavor to settle the vital principles for the guidance of the trial court.

The original lease of the land in question discloses that the trustees of the township authorized a lease for a term of years and the board undertook to lease the sixteenth section for a term of seven years, conditioned upon the lessee making certain improvements on said land. At the same time the board also leased for a term of fifteen years, to begin at the expiration of the seven-year lease, providing that the lessee should have the land for a further term of fifteen years at an annual rental of three hundred twelve dollars and fifty cents. It will be observed that the board of supervisors thus contracted in effect to lease the sixteenth section land for a term of twenty-two years. After the expiration of the seven-year lease, made in consideration of certain improvements (which were not fully made), the board attempted to ratify the fifteen-year lease and made an order, without getting the consent of the heads of families, to make the lease extend for fifteen years from the expiration of the seven years, embracing a provision

125 Miss—15

in the new order for certain improvements not made during the seven-year lease.

The law bearing on the power to lease is embodied in an act of the legislature. We here copy the act, omitting the title:

"That section 4149 of the Annotated Code of 1892, be amended so as to read as follows: 4149. *Lands to be Leased.* None of such lands shall ever be sold, but they shall be leased; those not in a city, town or village, for a term not exceeding fifteen years and those in a city, town or village, for a term not exceeding twenty-five years, on condition of the payment annually of the rent reserved. But the board of supervisors in the case of uncleared lands may lease them for not exceeding seven years in consideration of the clearing and improvement thereof, and with condition that the lessee shall have the preference to lease the same for another term of fifteen years or less, at an annual rental to be agreed upon as in other cases of leasing." See chapter 40, Laws 1898.

In this case it clearly appears that the lessees did not perform their contract by clearing the land and building houses as agreed in the first lease. They did not make the improvements they contracted to make, and therefore they are not entitled to a preference in the leasehold.

The original lease does not conform to the statute; the statute merely gives a preference to the lessee, while the lease here fixes in advance the annual rental. The statute contemplates that the second lease shall be made after the improvements are made under first lease, or after its expiration if they are not made as agreed.

We think that an accounting should be had between the lessees and the board of supervisors. The lessees should be credited with the value of the improvements made in accordance with the contract and debited with the value of the improvements not made. In other words, the county is entitled to get the value of the consideration on which the seven-year lease was made. The judgment will be reversed, and the cause remanded.

*Reversed and remanded.*