## McPherson *et al. v.* Richards *et al.*

[98 So. 685. No. 23537.]

(Division B. Jan. 28, 1924.)

1. EVIDENCE. *Public lands. Unambiguous contract cannot be varied by parol evidence; contract leasing sixteenth section lands must be entered on minutes and when unambiguous cannot be reformed.*

   A contract by the board of supervisors, leasing sixteenth section lands, must be entered on the minutes of the board; and, where a contract so entered is plain and unambiguous, parol evidence is not admissible to vary its terms, and in such case equity cannot reform the contract.

2. PUBLIC LANDS. *Additional lease for fifteen years held unauthorized.*

   Under chapter 40, Laws 1898, providing "the board of supervisors in the case of uncleared lands may lease them for not exceeding seven years in consideration of the clearing and improvement thereof, and with condition that the lessee shall have the preference to lease the same for another term of fifteen years or less, at an annual rental to be agreed upon as in other cases of leasing," does not authorize the board to make such additional fifteen lease until the expiration of the original lease, or until after the improvements shall have been made as contracted for in the seven-year lease, *McPherson* v. *Richards et al.*, 125 Miss. 219, 87 So. 469.

3. PUBLIC LANDS. *Void lease cannot be ratified without consent of township inhabitants, and where possession has been held thereunder accounting should be had.*

   Where a board of supervisors undertook to superimpose a fifteen-year lease on a seven-year lease, made in consideration of improvements agreed to be made, at the time of the execution of the seven-year lease and which is void for want of power to make it, such lease cannot be ratified subsequent to the expiration of the original lease without the consent of the inhabitants of the township as required by section 4711, Code 1906 (section 7522, Hemingway's Code), and where possession has been held of such lands under such void lease an accounting should be had under section 4716, Code 1906 (section 7527, Hemingway's Code).

APPEAL from chancery court of Quitman county.

HON. G. E. WILLIAMS, Chancellor.

Suit by J. J. McPherson and others against Tom Richards and others. From a decree dismissing the bill and cross-bill, plaintiffs appeal. Reversed and remanded.

*Lowrey & Lamb,* for appellants.

Certain land was leased by the board of supervisors on April 9, 1902 to the defendant, Tom Richards, for a period of twenty two years. Seven years of this term was in consideration of clearing and improvements to be made on the land and the additional fifteen years was for an annual rental of three hundred twelve dollars and fifty cents. All of the defendants have at various times since the beginning of the lease had possession of the said land either as claimants of the lease or tenants of such claimants.

By an order made in 1911 the board of supervisors, for an additional consideration of the clearing of thirty-five acres additional, and the building of two additional houses, and the payment of the ground rent stipulated in the original lease, undertook to extend the original lease, or make a new lease for a term of fifteen years from the expiration of the seven year lease, extending to April 9, 1924.

On the former appeal this court held that the fifteen-year lease was void, and ordered an accounting. We think it is hardly necessary to discuss further the efforts of the board of supervisors to validate this void lease in 1911 (two years after the expiration of the seven-year lease), by the order shown in the record. As pointed out in our briefs on the former appeal, this was not the exercise by consent of the board of supervisors of the preference provided by the statute in force in 1902, when the original lease was made, but was entirely

an effort to make a new and different lease without the consent of the heads of families of the township, and was void.

Even if the finding of the chancellor on the second trial is to be given weight he does not find that the defendants had cleared one hundred and twenty-five acres before the expiration of the seven years, and if he had so found it would be contrary not only to the evidence in the case and utterly unsupported by the evidence, but would also be contrary to the finding of this court on the former appeal. Neither does he find that the defendants had "built one good house on each and every twenty acres of the one hundred and twenty-five acres cleared" as required by the original contract and if he had so found it would have been unsupported by the evidence and utterly unwarranted from the evidence.

We therefore respectfully submit that this case should be reversed and remanded to the chancery court for an accounting with the original lessee for his failure to comply with the terms of the seven-year lease, and also for an accounting with the various holders of the lease since that date for rents and profits, improvements and taxes, under the section of the Code above referred to, and that this accounting be had in the chancery court in this suit.

*M. E. Denton,* for appellees.

It appears to me to be very clear from the decision of the supreme court, 125 Miss. 219, 87 So. 469, that the former decision of the chancellor was reversed solely upon his finding of fact. The chancellor held, after an oral examination of all of the witnesses in his presence, that the lease contract under which appellees claim title had been complied with, and the supreme court reversed him upon a contrary finding of fact to the effect that the whole lease, including the preliminary seven-year period, and the additional period of leasehold for fifteen

years, was void, or had been forfeited, solely upon the ground that "It clearly appears that the lessees did not perform their contract by clearing the land and building the houses, as agreed in the first lease."

On the rehearing of the case the chancellor conducted a personal examination of the witnesses, and in view of the reversal of his former decision by the supreme court on the facts, he went upon the land personally during the period of high water, which happened to prevail at the time of the trial in his court, and after making a painstaking, personal examination of the premises, held that all of the land contemplated by the original lease contract and all other improvements thereon had been made as mutually contemplated between the parties to the lease.

When a judgment or decree of a lower court is appealed from and reversed and remanded by the supreme court the lower court has full power to allow any amendment to be made in the pleadings, and to permit a trial *de novo,* the same as if the case had never been appealed. *Haines* v. *Haines,* 98 Miss. 830, 54 So. 433; *Middleton* v. *Davis,* 105 Miss. 152 (opinion 174). In such cases amendments seeking a reformation should be allowed. *Barataria Canning Company,* v. *Ott,* 88 Miss. 771

Etheridge, J., delivered the opinion of the court.

This is the second appeal of this cause. The first opinion is reported in 125 Miss. 219, 87 So. 469, where the facts as then existing are stated. On the remand of the cause the appellants moved the court to refer the matter to the clerk and master to take and state an account—first of the improvements made on the lease in controversy by the lessees prior to April 9, 1909, being the expiration of the seven-year term; second, the reasonable rental value of said lands for each year since said date; third, of the amounts paid by each tenant each year since that date as rent including taxes; fourth,

of the reasonable present value of the improvements now upon said land, showing also by whom said improvements were made and when. Whereupon the appellees, the defendants below, moved the court to grant them a rehearing on the merits and for leave to amend their pleadings, which last motion the court sustained, and evidence was taken bearing on the improvements and the value thereof made during the seven-year lease. No account being taken of the rental value of the lands since the year 1909, when the seven-year lease granted in consideration of the improvements expired. At the conclusion of the evidence which consisted of the original evidence and additional evidence, the court dismissed the bill of complaint and also the cross-bill, holding that it was not necessary to reform the lease as originally made. From which decree this appeal is prosecuted.

In the former opinion the court held that the fifteen-year lease superimposed on the seven-year lease was void because such lease could not be made until the expiration of the seven-year lease, or until the improvements contracted for in that lease had been made. The court found on the former appeal that the contract in regard to the improvements as a consideration for the seven-year lease was not complied with, that the improvements made did not comply with the contracts, and directed an accounting. The amended answer and the cross-bill sought to set up the understanding of the lessee and the members of the board then in office as to what lands were contemplated to be cleared and what houses to be erected thereon, and the additional testimony adduced was largely addressed to that phase of the suit. However, the defendants made a stronger showing on this hearing than they did on the former as to the number and value of the houses erected under the seven-year lease. In our judgment the contract is plain and unambiguous, and the proof shows a failure to comply with the contract as drawn, and the court has no right to find that the contract was

complied with as understood. The contract between the board of supervisors and other parties must be in writing and spread upon the minutes, and when so reduced to writing, and spread upon the minutes the terms of the contract govern, and the parties must perform the contract as made. *Bridges* v. *Clay County,* 58 Miss. 817. Therefore the court should have had an accounting as to this part of the original lease. We think the court should also have had an accounting taken in accordance with the complainants' motion for the years since April 9, 1909. In January, 1911, there was an order entered upon the minutes of the board of supervisors in which the fifteen-year contract superimposed originally upon the seven-year contract was attempted to be ratified for the annual rental stipulation provided for in the original contract and an additional amount of improvements therein sought to be embraced in the ratifying contract. In said order it is stated:

"And whereas, there has arisen some doubt as to the validity of the fifteen-years' term, there being some question as to the authority of the board to make the lease for fifteen years at the same time the seven-year lease was made, and the board of supervisors being now fully advised in the premises, and being anxious to settle any question of the validity of said fifteen-year term, and being willing to ratify and confirm what was done by said board at said May meeting, 1902, and thereby make same legal and binding on all the parties.

"Now, therefore, in consideration of the premises, and the further consideration that the said Covington & Turner agree and obligate themselves to clear up and put in a good state of cultivation at least thirty-five acres of said land not now in cultivation, and build two houses 16x16, . . . the board of supervisors do hereby ratify and confirm the act of said board in making said lease of fifteen years aforesaid, and do now lease and let unto Covington & Turner all the above-described land for

a term of fifteen years from the 9th day of April, 1909, for the consideration mentioned in said lease, and the additional improvements hereby agreed by them to be done.''

Presumably the court below acted upon the theory that this ratifying order had the effect to make valid the fifteen-year lease for the annual rental therein specified, plus the improvements mentioned therein. This order, however, could not be made by the board, for the reason that the consent of the inhabitants of the township was not obtained to such leases, and for the further reason that other parties were not given an opportunity to bid for the said lease. Section 7522, Hemingway's Code (Section 4711, Code of 1906), requires the consent of the inhabitants of the township to the leasing of the sixteenth section lands, and, unless such consent is obtained, that such lands shall not be leased for a longer term than one year. The board not having the power to make such lease without such consent of course is powerless to ratify an illegal lease, where such consent is not obtained in the manner required.

The account should be taken in accordance with the motion made by the appellants when the cause was remanded the first time. The judgment will therefore be reversed, and the cause remanded, with directions to the chancellor to take an accounting as indicated in this opinion.

*Reversed and remanded.*