5 So.2d 110

**JORDAN v. STATE.**

**8 Div. 172.**

Court of Appeals of Alabama.

Nov. 25, 1941.

Rehearing Denied Dec. 16, 1941.

314

Bradshaw & Barnett, of Florence, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, a white man, and Mary Brewer, a negro woman, were indicted jointly; the offense charged being *miscegenation,* or that they did (essentially here) "live in adultery or fornication with each other." Code 1940, Title 14, Sec. 360.

Each was separately tried; each convicted; and each sentenced to serve imprisonment in the penitentiary for a term of two years.

This appeal, though from a judgment rendered some five or six months subsequent to the date of the judgment in the Mary Brewer case, may be considered a companion appeal to that of Mary Brewer v. State, post, p. 315, 5 So.2d 112. And what we shall say here will serve to dispose of the appeal in the Mary Brewer case.

All the above for the reason that, as the counsel appearing here for each of the appellants mentioned,—said counsel being the same for each—state: "These are companion cases; * * * the points raised on the appeal are the same in each case" (with a single unimportant exception pointed out in their brief).

In the view we have taken it appears that we may omit a detailed statement of the testimony. It will suffice that we merely observe that the prosecution grew out of the fact that appellant Jordan, whose wife was seriously ill—in fact who was, as it turned out, on her death bed,— hired Mary Brewer to attend her, and moved the said Mary Brewer into the house with himself and his wife.

It would be futile, here, to comment on the fact that appellant Jordan was some seventy-two years of age; was shown to have borne a good character in the neighborhood in which he lived; and was described by at least one of the witnesses, in one of the cases, for the State, as an "old grey-headed man."

As the testimony is recorded in the bills of exceptions in the two appeals it made a case against each of the appellants that could be decided only by a jury.

But the judgments must be reversed. We will show why.

At the time of each of the trials—of Tom Jordan, and of Mary Brewer—Tom Jordan's wife was dead.

It was shown without dispute that Tom Jordan had known Mary Brewer for no longer than two years.

But the State's witness Mrs. *Onice Graham*—shown to have a poor character and reputation—was allowed to testify—over appellant's objection, with due exception being reserved—that, upon the occasion of Tom Jordan's moving Mary Brewer into his house, his *wife* said to him in Mary Brewer's presence: "I don't want you to move her in; that she didn't want him to move this colored woman in the house, and he told her, he said 'I love her better than anything in the world and I have been going with her sixteen years.'"

There were some other things the witness *Mrs. Onice. Graham* was likewise allowed to narrate—as having been said at the time by Mrs. Tom Jordan—but they involve the same principle of the law of evidence, and only served to heighten the degree of prejudice which we think was worked to appellant's cause(s).

■ As for Mary Brewer, we think what Mrs. Onice Graham said Mrs. Tom Jordan said was but the rankest hearsay—and in nowise admissible.

■■ As for Tom Jordan, our Supreme Court, said, almost a hundred years ago, that, on a trial of one for the offense of living in adultery (and the rule of evidence would be exactly the same here), the defendant's guilt cannot be predicated of the

state of feeling existing between his wife and the other alleged particeps criminis. To quote a part of the opinion in the case we have in mind (State v. Crowley, 13 Ala. 172), where one Crowley was on trial on the charge of living in adultery with one Mrs. Michael: "The defendant's guilt cannot be predicated of the state of feeling existing between his wife and Mrs. Michael. The latter may have been offensive to the wife, either because of her unamiable disposition, her supposed want of chastity, or other cause having no reference to a suspicion of an illicit intercourse between the defendant and herself. But conceding, as it is altogether possible, that Mrs. Crowley suspected and even asserted that Mrs. Michael was guilty of an adulterous connection with her husband, her suspicions and assertions would not be evidence against him."

The application of the principle implicit in the above quotation to the instant situation is plain: Whatever Mrs. Tom Jordan's reasons for telling her husband—as narrated by Mrs. Onice Graham—"I don't want you to move her in," etc., it certainly tended in nowise to prove him guilty of the revolting offense for which he was on trial. In the circumstances of the whole case, as well as those under which the specified testimony was elicited, we entertain no doubt that same was highly prejudicial to his cause.

■ And, in addition to what we have already said, we are of the opinion, and hold, the testimony of Mrs. Onice Graham, which we are discussing—as to statements by Mrs. Tom Jordan—was inadmissible by reason of Code 1940, Title 15, Sec. 311.

This Code section provides: "The husband and wife *may* testify either for or against each other in criminal cases, *but shall not be compelled so to do.*" (Italics supplied by us).

■ And our court has held that the testimony of the wife against the husband, or of the husband against the wife, in such circumstances as are here apparent, is *not* admissible unless and until the said wife or husband has first *elected* to become a witness. De Bardeleben v. State, 16 Ala.App. 367, 77 So. 979, certiorari denied 201 Ala. 523, 78 So. 877.

At the time of the trial Mrs. Tom Jordan being dead she *could* not elect to become a witness against her husband.

And we feel quite sure that the testimony wrung from her dead lips, though brought into court through the medium of the testimony of Mrs. Onice Graham, could not thus be thrown into the scales against her unwise, if not erring husband.

The judgment is reversed, and the cause remanded. .

Reversed and remanded.

Bradshaw & Barnett, of Florence, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.