(77 South. 979)

**DE BARDELEBEN v. STATE.** (5 Div. 252.)

(Court of Appeals of Alabama. Feb. 12, 1918. Rehearing Denied Feb. 26, 1918.)

1. CRIMINAL LAW ☞1168(3)—WITNESSES ☞53(3)—COMPETENCY—HUSBAND AND WIFE.

Although Acts 1915, p. 942, gives husband and wife an election to testify, until the election is made neither is a competent witness in a criminal case against the other, and a contention that, though a wife against her objection was compelled to testify in a criminal prosecution against her husband, it was not error as to accused cannot be sustained.

2. CRIMINAL LAW ☞160—LIMITATIONS—RECORD SHOWING SUSPENSION OF BAR.

Under Code 1907, § 7351, providing that the statute of limitations is suspended when an indictment is quashed and another ordered to be preferred, and section 7160, providing that in such case an entry of record be made setting forth the facts, an entry by the clerk on the minute books of the court purporting to be an order quashing the first indictment and holding defendant to await the finding of another indictment, made after adjournment of the court and without an order of the court therefor, was insufficient, since, before the clerk would be authorized to complete the record to carry out the decision of the court made at a former term, a motion nunc pro tunc would have been required and an order made based on the bench notes made at a former term.

3. CRIMINAL LAW ☞160 — LIMITATIONS — RECORD SHOWING SUSPENSION OF BAR.

Under such statutes, the bench notes of the judge disposing of the first indictment were insufficient as a record.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. CRIMINAL LAW ☞423(2)–EVIDENCE—CONSPIRACY.**

While wide latitude is allowed in proving conspiracy extending to everything said, done, or written by any one of the conspirators, in the execution or furtherance of their common purpose, statements as to measures taken in the execution or furtherance of any common purpose are not relevant as such, as against any conspirators except those by whom or in whose presence such statements were made.

**5. CRIMINAL LAW ☞427(2) — EVIDENCE — CONSPIRACY—FOUNDATION.**

Evidence of acts or statements deemed to be relevant to show conspiracy may not be given until the trial judge is satisfied that, apart from them, there are prima facie grounds for believing in the existence of the conspiracy.

**6. CRIMINAL LAW ☞636(4), 662(7)—EXAMINATION OF WITNESSES IN ABSENCE OF ACCUSED.**

Where, after close of testimony for defendant and the state and after argument and before rendition of judgment by the court trying the case without a jury, in the absence and without knowledge of accused and his counsel, the court called a state's witness and examined her further concerning matters previously testified to, and also had goods introduced by the state as evidence valued by a person not a witness in the case, such action invaded accused's constitutional right to a fair and open trial, and that he be confronted with the witnesses against him.

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

E. L. De Bardeleben was convicted of burning an insured house with the intent to defraud the insurer, and he appeals. Reversed and remanded.

Hill, Hill, Whiting & Stern, of Montgomery, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

SAMFORD, J. [1] On the trial of the case, the wife of the defendant was, over the timely objection and exception of defendant and over her timely objection and protest, compelled to testify against her husband. It is not pretended by the Attorney General in brief that the court had the power or authority to compel the wife to testify in the case, over her objection and protest, but is contended that it was a privilege she alone could claim, and if wrong was done it was to her and not to the defendant, and hence he was not so injured as to warrant a reversal. To sustain this contention, we are cited to the well-considered case of Johnson v. State, 94 Ala. 53, 10 South. 427, where it was held that the wife could be compelled to testify in a case against her husband for an assault committed on her person. In that case, the wife was a competent witness whether she would or no, and therefore the general public had an interest in her testimony, but the statute of 1915, authorizing the husband and wife to testify in criminal cases (Acts 1915, p. 942), says, "The husband and wife may testify," etc., thus giving to them the election as to whether they become competent witnesses,

and until the election is made, neither is a competent witness in a criminal case. That being the case, the testimony forced from the wife was not competent, and its admission was error.

[2] The undisputed evidence discloses that the fire, the basis of the prosecution, occurred more than 12 months before the finding of the indictment on which the trial was had, and the charge, being a misdemeanor, would be barred by the statute of limitations, unless the bar is avoided. The state sought to avoid this bar by introducing in evidence another indictment returned within the time, together with the bench notes made by the judge at the time of the disposition of the first indictment, and an entry on the minute book of the court purporting to be an order quashing the first indictment and holding the defendant to await the finding of another indictment to be preferred. This last entry, it was admitted, had been made since the trial began, and after the adjournment of the court at which the bench notes were made, and without an order of the court therefor. Section 7351 of the Code provided that when an indictment is quashed and another ordered to be preferred, the statute of limitations is suspended, and section 7160 provides that in such cases the court may order another indictment preferred, etc., and, further, that in such case an entry of record must be made setting forth the facts. The clerk was without authority to make the entry at the time he did, and hence this entry was of no probative force. Its admission was error. Before the clerk would be authorized to complete the record to carry out the decision of the court made at a former term, a motion nunc pro tunc would have been required and an order made based on the bench notes made at a former term. Harris v. Bradford, 4 Ala. 214; Glass v. Glass, 24 Ala. 468; Yonge v. Broxson, 23 Ala. 684.

[3] There was no question of waiver in this case as there was in the McSwean Case, 175 Ala. 25, 57 South. 732. On the contrary, the statute requires a record setting forth the facts and the bench notes of the judge do not measure up to this requirement. Wynn v. McCraney, 156 Ala. 630, 46 South. 854; Condon v. Enger & Co., 113 Ala. 233, 21 South. 227; Morgan v. Flexner, 105 Ala. 356, 16 South. 716; Baker v. Swift, 87 Ala. 530, 6 South. 153; Park v. Lide, 90 Ala. 246, 7 South. 805. The bench notes might be sufficient to prove a waiver, but in this case it is not a waiver, but a mandate of the statute, that must be complied with.

[4, 5] As this case must be reversed, we deem it necessary to say, for the guidance of the court on another trial, that while wide latitude is allowed in proving conspiracy extending to everything said, done, or written by any one of the conspirators in the execution or furtherance of their common purpose,

but statements as to measures taken in the execution or furtherance of any common purpose are not relevant as such as against any conspirators except those by whom or in whose presence such statements were made. And evidence of acts or statements deemed to be relevant may not be given until the judge is satisfied that apart from them there are prima facie grounds for believing in the existence of the conspiracy to which they relate. 1 A. & E. of Law (1st Ed.) 49. With reference to the authority cited to support the foregoing statement, Mr. Justice McClellan in Johnson's Case, 94 Ala. 54, 10 South. 427, approves the statement of Mr. Justice Stephens that it contained "the most clear and concise statements of the law of evidence extant."

By following this rule, the trial court will not be led into error.

[6] The defendant after conviction filed his motion for a new trial, alleging, among other things:

"For that during the progress of the trial, and after the defendant and state both had closed their testimony, and after the argument of the case, and before the rendition of the judgment by the court by whom the case was being tried without the intervention of a jury, the trial judge in the absence of the defendant, and in the absence of counsel for defendant, and without the knowledge or consent of the defendant or his counsel, caused a witness, Louise Moulton, who had been introduced as a material witness for the state, to come before him, and without the presence, knowledge, or consent of the defendant or his counsel examined her further in regard to her knowledge of the matters she had previously testified concerning; this being after she had testified and had been examined by the state and defendant's counsel, and prior to the rendition of any judgment in said cause. That after said re-examination by said court of said witness he rendered judgment against the defendant of guilty as charged in the indictment, which said examination by the court was not known to the defendant or his counsel until after the rendition of the judgment. The court erred in taking the china introduced by the state as evidence in this cause, and, without the presence of the defendant or any of his counsel, having the same valued by a person who was not a witness in the case, which said person the defendant or his counsel did not have the opportunity to examine or cross-examine."

It was agreed by the attorneys for the state—and with this in the bill of exceptions the trial judge signed it—that the allegations above set out were true, but the record shows that the judgment was rendered on November 17, 1916, notice of appeal given and on the same day defendant filed his appeal bond transferring the case to this court, and while the judgment recited that the judgment was suspended "pending appeal and motion for new trial," after the perfecting of the appeal the circuit court was without jurisdiction in the case, and so the action taken on the motion the 16th was a nullity. However, as this case must be tried again, we deem it the duty of this court to say that the action of the trial court in examining witnesses touching questions involved in the trial at the time and under circumstances as set out and agreed to was highly improper and was an invasion of the most sacred rights guaranteed to a defendant under the Constitution, to wit, that he have a fair and open trial, and that he be confronted with the witnesses against him.

We are asked by appellant's counsel, and it is urged that a judgment should here be rendered discharging the defendant. This question is not presented so that it can be here reviewed.

Reversed and remanded.