## STATE v. WILLIAMS. (3 Div. 473.)

(Court of Appeals of Alabama. Dec. 18, 1923. Rehearing Denied April 8, 1924.)

Criminal law ⟨key⟩1083—Circuit court without jurisdiction to grant bail after defendant has appealed in criminal case.

After defendant has appealed in a criminal case, the circuit court is without jurisdiction to grant and fix bail, since, if defendant has any rights under Gen. Acts 1923, p. 87, he must proceed in the Court of Appeals and not the circuit court.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Petition by Albert Williams for writ of habeas corpus. From a judgment granting the writ, the State appeals. Reversed and rendered.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The trial court lost all jurisdiction over the judgment as soon as the appeal was taken. Vinson v. State, 16 Ala. App. 536, 79 South. 316; Smith v. State, 17 Ala. App. 565, 86 South. 120; Wade v. State, 18 Ala. App. 322, 92 South. 97; State ex rel. v. Brewer, ante, p. 330, 97 South. 777.

R. T. Goodwyn, of Montgomery, for appellee.

The defendant was entitled to bail under Acts 1923, p. 87.

SAMFORD, J. The petitioner prays a writ of habeas corpus on the following agreed statement of facts:

"In this cause it is agreed by and between the undersigned as counsel for the petitioner and Harwell G. Davis, as Attorney General, and Lamar Field, as Assistant Attorney General, of the state of Alabama, that the facts in connection with this proceeding are as follows: "On April 12, 1923, the verdict was returned by the jury in the circuit court of Etowah county, Ala., in a case pending against the said Albert Williams, finding him guilty of forgery in the second degree, as charged in the indictment against him; that on April 14, 1923, as punishment for the offense named, the defendant was sentenced to the penitentiary for an indeterminate term of not less than six years nor more than eight years, six years being the minimum and eight years being the maximum of this sentence, that on said April 14, 1923, the defendant took an appeal in said case to the Court of Appeals of Alabama, and elected not to have the sentence suspended pending the appeal, but to go to the penitentiary under said sentence and abide the result of said appeal, and it was at that time ordered by the court that the sentence be not suspended; that on September 7, 1923, a petition was filed in said case by defendant praying that he be admitted to bail, and on said date the judge of the circuit court of Etowah county, Ala., made an order fixing the defendant's bail pending the appeal in the sum of $6,500, to be conditioned and approved as the law directs; the sentence against defendant not having been suspended at said time. A copy of the judgment entry in this cause is attached to the return of J. S. Harris and admitted to be a true and correct copy of the judgment entry, and a copy of the petition filed by the defendant seeking to be admitted to bail is also hereto.

attached as Exhibit A and admitted to be a correct copy of the petition. It is also admitted that the bench note made by the judge of the circuit court of Etowah county covering the proceedings before him on September 7, 1923, is correctly shown below; that on September 11 the said Albert Wilson tendered a bond which was approved by the clerk and the sheriff of Etowah county, which is now on file in the office of said clerk."

Said bench note is as follows:

"September 7, 1923, on petition of defendant, bail in this cause fixed, pending appeal in the sum of $6,500, to be conditioned and approved as the law directs."

The judge of the circuit court granted the writ, and ordered the petitioner discharged.

The right of the petitioner to a discharge is based upon the order of the circuit court of Etowah county made and entered on September 7, 1923, granting and fixing bail for petitioner in the sum of $6,500.

The circuit court of Etowah county was without jurisdiction to make this order. The cause had already been transferred to this court. If petitioner has any rights under the statute approved July 27 1923 (Gen. Acts 1923, p. 87), he must proceed in this court and not the circuit court. De Bardelaben v. State, 16 Ala. App. 367, 369, 77 South. 979; State ex rel. Attorney v. Brewer, J. (Ala. App.) 97 South. 777; 1 Wade v. State, 18 Ala. App. 322, 92 South. 97; Vinson v. State, 16 Ala. App. 536, 79 South. 316.

The judgment of the circuit court is reversed, and a judgment will here be rendered, remanding the petitioner to the convict authorities.

Reversed and rendered.