7 So.2d 581

## SANDERS v. STATE.
### 4 Div. 710.

Court of Appeals of Alabama.

April 14, 1942.

A. L. Patterson, of Phenix City, for appellant.

Thos. S. Lawson, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

RICE, Judge.

The court has read, studied and considered the record in this case, including the bill of exceptions, while sitting en banc.

We are of the opinion, and hold, the appellant's (defendant's) motion for a new trial should have been granted. Its refusal must cause the judgment of conviction to be reversed.

It would serve no good purpose to go into detail about the reasons for our conclusion. But we will specify two things that have impressed us that the denial of defendant's motion was grounded in error.

In the first place, considering all the testimony in the case, and the circumstances shown thereby, and the inconsistencies shown therein (that is, in the State's testimony—apart from its denial by that of defendant and his witnesses), we are clearly convinced that the verdict of the jury was "wrong and unjust." Cobb v. Malone and Collins, 92 Ala. 630, 9 So. 738, 740.

And in the second place we think the action of the trial court denying appellant's motion should be reversed because of the fact that the State was allowed to file—and, apparently, the court considered —counteraffidavits to those offered by appellant on the hearing of his motion, some weeks after said hearing had been closed, and the motion "taken under advisement" by the court. These counteraffidavits were filed long after said hearing; after the expiration of the time within which they were ordered at said hearing to be allowed; and without any notice to defendant (appellant) of their said filing.

Defendant's (appellant's) motion to strike same was overruled; and, as stated above, they were apparently considered by the court while entering his final order overruling said motion.

We think the action noted was error. See De Bardeleben v. State, 16 Ala.App. 367, 77 So. 979.

Upon the whole record we are clear to the conclusion the judgment of conviction should be reversed, and the cause remanded for another trial.

It is so ordered.

Reversed and remanded.