This Court granted a writ of certiorari to the Court of Criminal Appeals to preliminarily examine the record in this case on the authority of Ex parte State (Re: Longmire v.State), 443 So.2d 1265 (1982). After a review of the record, we cannot say the Court of Criminal Appeals was wrong when it struck the petitioner's second appeal and then refused to reinstate his original appeal which had earlier been dismissed.Pugh v. State, 434 So.2d 875 (Ala.Cr.App. 1983).
The petitioner was tried and convicted on August 3, 1982, without a jury, of unlawful possession of a controlled substance and carrying of a pistol in a vehicle without a license. The trial judge sentenced the petitioner to fifteen years' imprisonment in the state penitentiary for possession of a controlled substance and six months' imprisonment in the Mobile County jail for the conviction of not having a pistol permit. The petitioner, on August 3, 1982, gave oral notice of appeal to the Court of Criminal Appeals. Oral argument was held on December 7, 1982. There is no record before us which reflects the events which occurred at the trial level. The following "facts" were obtained from the petition filed here. While the case was on appeal, the petitioner *Page 127 
then made a motion to the trial court for a working appeal and/or reduction of sentence on December 29, 1982. The trial court held a hearing and granted the motion on January 3, 1983, and reduced petitioner's sentence to ten years, suspended the sentence and placed petitioner on probation. Petitioner then filed a motion requesting the Court of Criminal Appeals to dismiss his appeal, which motion the court granted on January 10, 1983. Subsequently, the state filed a motion to reconsider the order by the trial judge which placed the petitioner on probation. The motion was heard by the presiding judge of the Thirteenth Judicial District on March 18, 1983, and was granted on April 1, 1983, and the petitioner's original 15-year sentence was reinstated. The petitioner filed notice of appeal from the order reinstating his sentence on April 1, 1983. The Court of Criminal Appeals struck it on April 26, 1983, and petitioner's motion to reinstate his original appeal was denied without opinion. Pugh v. State, 434 So.2d 875 (Ala.Cr.App. 1983).
The original trial judge relied on Code 1975, § 15-22-50, as authority to reduce petitioner's sentence. That Code provision reads as follows:
 "Circuit courts and district courts, subject to the provisions and conditions hereinafter provided, may suspend execution of sentence and place on probation any person convicted of a crime in any court exercising criminal jurisdiction. The court shall have no power to suspend the execution of sentence imposed upon any person who has been found guilty and whose punishment is fixed at death or imprisonment in the penitentiary for more than 10 years. Except as provided in the preceding sentence, the court, after a plea of guilty, after the returning of a verdict of guilty by the jury or after the entry of a judgment of guilty by the court, may suspend execution of sentence and place the defendant on probation, or may impose a fine within the limits fixed by law and also place the defendant on probation." (Emphasis added.)
We hold that the trial court was without jurisdiction to suspend petitioner's sentence, because the sentence was for a term of more than ten years. Code 1975, § 15-22-50. Moreover, the trial court had no jurisdiction over the case after the appeal to the Court of Criminal Appeals, under the facts of this case. It is apparent from the record that under the facts of this case, the trial court's jurisdiction was not retained to allow the court to modify the judgment it had rendered; thus, the order suspending the sentence and granting probation could be revoked.
The judgment of the Court of Criminal Appeals is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.