The issue presented in this case is whether the trial court had jurisdiction to retry the defendant following this Court's reversal of his conviction and granting of a new trial but before a final judgment had been rendered and while the case was still pending on appeal.
The significant facts are set forth in chronological order: *Page 167 
 October 1983 — Jimmy Burns McKinney, the appellant, fired a shotgun that caused the death of one person and injured another.
 February 1984 — McKinney pleaded guilty and was convicted of attempted murder and murder. He was given concurrent sentences of ten years' and life imprisonment. He did not appeal.
 March 12, 1985 — Acting on McKinney's petition for writ of error coram nobis (which is not contained in the record), the trial court set aside the conviction for attempted murder but ordered that the conviction of murder and life sentence remain "unchanged, unaltered and in full force and effect." McKinney appealed this ruling.
 February 25, 1986 — This Court reversed the decision of the trial court on the coram nobis petition and held that McKinney was entitled to a new trial. McKinney v. State, 511 So.2d 218
(Ala.Cr.App. 1986).
 March 11, 1986 — The Attorney General filed an application for rehearing.
 April 22, 1986 — The application for rehearing was overruled. McKinney's retrial began.
 April 23, 1986 — McKinney was convicted for murder.
 May 6, 1986 — The Attorney General filed a petition for writ of certiorari to the Alabama Supreme Court seeking review of this court's opinion in McKinney v. State, 511 So.2d 218.
 May 8, 1986 — At McKinney's sentencing hearing, defense counsel, who had made no objection to the jurisdiction of the trial court, objected to the trial court's jurisdiction to try and to sentence McKinney while the appeal of the coram nobis petition was still pending. Defense counsel moved for a "mistrial, dismissal or nol pros," which the trial court denied. However, the trial court continued the sentencing hearing "until such time as certiorari is disposed of in the Alabama Supreme Court." At this hearing, the trial judge stated, "I'm not aware of anybody having any knowledge that there was certiorari being pursued. . . ."
 June 26, 1987 — The Alabama Supreme Court affirmed the holding of this Court. McKinney v. State, 511 So.2d 220 (Ala. 1987).
 July 14, 1987 — A certificate of final judgment was issued in the case involving the appeal of the denial of the coram nobis petition.
 July 27, 1987 — The trial court held a hearing on a petition for writ of habeas corpus filed July 17, 1987, wherein McKinney argued the issue of jurisdiction.
 August 13, 1987 — The trial court denied the habeas corpus petition.
 October 23, 1987 — McKinney was sentenced to life imprisonment for murder and filed notice of appeal.
"The rule has been stated many times that when an appeal is taken the trial court may proceed only in matters entirely collateral to that part of the case which has been taken up by the appeal, but can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court. . . . This is an application of the general rule that jurisdiction of a case can be in only one court at a time." Foster v. Greer Sons, Inc.,446 So.2d 605, 608 (Ala. 1984)[1]
(citations to authority omitted); Sunshine Homes, Inc. v. Newton,443 So.2d 921, 924 (Ala. 1983). "After an appeal is taken, the court whence it came loses control of the subject matter or question in the case made the subject of the order, judgment, or decree from which the appeal is taken. Action in said cause should be suspended in the trial court until the appeal is effectively abandoned, dismissed, or decided." Lewis v. Martin, 210 Ala. 401, 409, 98 So. 635
(1923); Ex parte Pugh, 441 So.2d 126, 127 (Ala. 1983). "The basic principle is that a case should not be pending in a lower and an appellate court at the same time." Walker v. AlabamaPublic Service Commission, 292 Ala. 548, 552, 297 So.2d 370
(1974).[2]
The only exceptions to this rule, with regard to criminal cases, are found in Ala. Code 1975, § 12-22-133:
 "Where an appeal is taken from the judgment of any municipal, district, or circuit court in criminal cases, the trial court retains jurisdiction for the purpose of granting a motion for a new trial and also retains jurisdiction for the purpose of enforcing its judgment where the appeal is dismissed before the judgment of the appellate court is entered." *Page 168 
Cf. Ex parte Andrews, 520 So.2d 507, 510 (Ala. 1987) (in a civil case, "a notice of appeal filed within 30 days of judgment does not divest the trial court of jurisdiction to receive [timely filed] post-judgment motions to alter, amend, or vacate . . . and to rule thereon").
Obviously, the appeal was not dismissed. Here, the appeal was from the denial of a petition for writ of error coram nobis and there was no motion for new trial. See Osborn v. Riley,331 So.2d 268, 271 (Ala. 1976). "In the absence of express statutory provisions, when an appeal is taken and perfected from the judgment of any court to a higher court, the jurisdiction vests at once in the higher court and such appeal divests the court from which it is taken of all jurisdiction."Green v. State, 21 Ala. App. 201, 203, 106 So. 683 (1925). SeePratte v. State, 465 So.2d 483, 484 (Ala.Cr.App. 1985) ("[T]he second sentencing of appellant by the trial court during the time this court had exclusive jurisdiction of the case [after the sentence had been reversed and while the appeal was pending on rehearing], and before the final decision of this court was a nullity. . . . was invalid and void."). See also State v.Williams, 19 Ala. App. 597, 99 So. 660 (1923) (After a defendant has appealed, the circuit court is "without jurisdiction to grant and fix bail under § 12-22-170, since, if the defendant has any rights under that section, he must proceed in the appellate court and not the circuit court."); De Bardeleben v.State, 16 Ala. App. 367, 369, 77 So. 979 (1918) (same); Ex parteAlabama State Bar, 285 Ala. 191, 194, 230 So.2d 519 (1970) ("While the appeal suspends the execution of the sentence of the criminal court pending appeal, . . . the matter of the conviction remains and continues to exist.") Brown v. State,250 Ala. 444, 447, 35 So.2d 518 (1948) ("We think the petition to the circuit court for the writ [of error coram nobis] was properly dismissed because that court had no jurisdiction to hear it while the appeal [of the conviction] was pending and undisposed of, . . . If that [circuit] court had no jurisdiction of the subject matter at that time, the dismissal was not erroneous.").
"The general rule is that an appeal . . ., when duly perfected, divests the trial court of jurisdiction of the cause and transfers such jurisdiction to the appellate court where it remains until the appellate proceeding terminates and the trial court retains jurisdiction." 4 Am.Jur.2d Appeal and Error § 352 (1962). See State ex rel. Attorney General v. Brewer,19 Ala. App. 330, 331, 97 So. 777, cert. denied, 210 Ala. 229,97 So. 778 (1923) ("After an appeal was taken by defendant in the manner provided for by the statute, jurisdiction was transferred from the circuit court to this court, and the trial court was without authority to entertain the motion for new trial. . . . The action of the court in granting a new trial after the cause had been removed to the Court of Appeals was void.").
A court's lack of subject-matter jurisdiction is fundamental, cannot be waived, and may be raised at any time. Ex parte Cityof Dothan, 501 So.2d 1136, 1139 (Ala. 1986). See also Rule 16.2(d), A.R.Cr.P. Temp.
Because the circuit court was without jurisdiction, its judgment is null and void and will not support an appeal.Jones v. Sears Roebuck Co., 342 So.2d 16, 17 (Ala. 1977). Therefore, this appeal must be dismissed. See State v. Crook,123 Ala. 657, 27 So. 334 (1899).
APPEAL DISMISSED.
All Judges concur.
[1] In Ex parte Andrews, 520 So.2d 507, 510 (Ala. 1987), the Alabama Supreme Court overruled this case to some extent. However, the general rule with regard to jurisdiction being in "only one court at a time" was not abrogated by Andrews.
[2] See note 1, supra.