AFTER REMAND FROM THE SUPREME COURT OF ALABAMA

TAYLOR, Judge.
The appellant, Edward Louis Robinson/ appealed the denial of his petition for post-conviction relief. On October 23, 1992, we remanded this case to the Circuit Court for Mobile County with directions that the court hold a hearing to determine whether the appellant had been given notice of the state’s intention to seek an enhanced sentence under the Habitual Felony Offender Act. The ap-pellee’s application for rehearing was overruled on November 25. The state petitioned the Alabama Supreme Court for certiorari review on December 11, 1992, which was granted on February 24, 1993. On August 8, 1993, the Supreme Court reversed this court’s judgment and remanded the case.
While this case was pending on appeal, the circuit court on December 3, 1992, held a hearing, as a result of which it granted the appellant’s petition for post-conviction relief, allowed the appellant to withdraw his guilty plea, and set his case for trial. The court then conducted a jury trial in February 1993, in which the appellant was found guilty and was sentenced to life imprisonment.
The trial court did not have jurisdiction to conduct any proceedings in this case while it was pending on appeal. “ ‘[W]hen an appeal is taken and perfected from the judgment of any court to a higher court, the jurisdiction vests at once in the higher court and such appeal divests the court from which it is taken of all jurisdiction.’ Green v. State, 21 Ala.App. 201, 203, 106 So. 683 (1925).” McKinney v. State, 549 So.2d 166, 168 (Ala.Cr.App.1989).
“A judgment of the Court of Criminal Appeals is not final until that court issues its certificate of judgment.... [A]n application for rehearing in that court and a petition in [the Alabama Supreme Court] for writ of certiorari stay the issuance of that certificate.”
Jackson v. State, 566 So.2d 758, 759 fn. 2 (Ala.1990), citing Pratte v. State, 465 So.2d 483 (Ala.Cr.App.1985) and Rule 41, A.R.App.P.
Therefore, the judgment resulting from the jury trial conducted by the trial court while jurisdiction of this case was in this court and then in the Supreme Court, is null and void and must be set aside. In compliance with the Supreme Court’s decision in Robinson v. State, 629 So.2d 1 (Ala.1993), we hereby affirm the denial of the appellant’s petition for post-conviction relief which was the original subject matter for this appeal.
AFFIRMED.
All the Judges concur.