TAYLOR, Presiding Judge.
The State of Alabama, through its attorney general, filed this petition for a writ of mandamus, or in the alternative a writ of prohibition, asking us to direct the Honorable William D. Jetton, circuit judge for the 27th Judicial Circuit, to vacate his order staying the execution of the appellant’s sentence.
The appellant was convicted of two counts of producing obscene matter and was sentenced to 10 years on each count. Both sentences were split and he was ordered to serve one year in prison on each conviction. This court affirmed the appellant’s convictions by unpublished memorandum. Taylor v. State, [Ms. CR-94-1385, December 1, 1995] — So.2d —(Ala.Cr.App.1995) (table of cases). The Alabama Supreme Court denied certiorari review on May 17, 1996. Ex *279 parte Taylor, 680 So.2d 1035 (Ala.1996) (table of cases). The appellant then filed a motion in the Marshall Circuit Court' requesting that his sentence be stayed until the United States Supreme Court acted on his petition for certiorari review. Judge Jetton granted the motion and denied the state’s request for reconsideration. This petition followed.
The State contends that Judge Jet-ton lacked jurisdiction when he purportedly granted the appellant’s motion for a stay of sentence.
“Although the trial court retains jurisdiction of the cause until the appeal or proceeding in error is perfected in accordance with the statutory provisions on the subject, as soon as that has been done the jurisdiction of the appellate court attaches, and that the trial court ceases.”
4A C.J.S. Appeal and Error § 606 (1957).
As this court has stated, “[A] trial court ordinarily has no jurisdiction over a case after an appeal has been taken.” Walker v. State, 652 So.2d 198 (Ala.1994).
‘“Where an appeal is taken from the judgment of any municipal, district or circuit court in criminal cases, the trial court retains jurisdiction for the purpose of granting a motion for a new trial and also retains jurisdiction for the purpose of enforcing its judgment where the appeal is dismissed before the judgment of the appellate court is entered.’ ”
Barnes v. State, 621 So.2d 329, 331 (Ala.Cr.App.1992), quoting § 12-22-133, Code of Alabama 1975.
A further explanation of the trial court’s limited jurisdiction while a ease is pending appeal is contained in the following excerpt from Corpus Juris Secundum:
“After jurisdiction has been transferred by the perfection of the proceedings for appellate review, the respective powers of the appellate and lower court are largely determined by the statutes regulating appellate matters in the particular jurisdiction. Usually, however, the transfer of jurisdiction gives to the appellate court the exclusive power and authority over the cause, action, or subject matter of the appellate proceeding, and the authority of the lower court with reference thereto is suspended so that it cannot proceed with the case until the appellate proceeding is heard and determined and the remittitur or mandate is regularly returned and entered on the records.
“Not only does the appellate court acquire jurisdiction in all matters pertaining to the subject matter of the appeal or writ of error itself and to the proper hearing thereof, but also with respect to all applications which, by statute, may, after the taking of the appeal ... be made to such court; and, when its jurisdiction has attached, it may permit the subsequent performance of any act to perfect the appeal which is not essential to its jurisdiction and which was unintentionally omitted.
“After jurisdiction has been transferred the lower court cannot proceed in any manner so as to affect the jurisdiction acquired by the appellate court, or defeat the right of appellant or plaintiff in error to prosecute his appeal or writ of error with effect....
“... Unauthorized proceedings in the lower court, after jurisdiction has been acquired by the appellate court, are generally held to be void ...”
4A C.J.S. § 607. See also 4 Am.Jur.2d Appeal and Error § 352 (1962).
As stated above, Alabama’s § 12-22-133, Code of Alabama 1975, states that the trial court retains jurisdiction to grant a motion for a new trial and to enforce its judgment where the appeal is dismissed before the judgment of the appellate court is entered. This section clearly implies that the trial court retains no other jurisdiction of the case during the appeals process.
The trial court did not have jurisdiction of the case at that time that he ruled on the motion to stay. The State’s petition for writ of mandamus is due to be granted.
PETITION GRANTED.
All the Judges concur.