On February 13, 1997, the appellant, Gary O. Gordon, was convicted of the unlawful possession of a controlled substance, i.e., cocaine, a violation of § 13A-12-212, Code of Alabama
1975. He was sentenced as a habitual felony offender to 15 years' imprisonment *Page 944 
and was fined $2,000. For the reasons set forth below, the appellant's conviction is set aside and his appeal to this Court is dismissed.
The following is a chronology of the relevant events in this case:
 December 18, 1993 — The appellant was arrested and charged with the unlawful possession of cocaine.
 January 1994 — The appellant was indicted for the unlawful possession of controlled substances and for possession of a pistol after having been convicted of a crime of violence.
 May 23, 1994 — Pursuant to a negotiated plea agreement, the appellant pleaded guilty and was convicted of the unlawful possession of a controlled substance. The remaining count was nol-prossed. He was sentenced to 10 years' imprisonment.
 December 29, 1994 — This Court affirmed the appellant's conviction in an unpublished memorandum. Gordon v. State, 668 So.2d 929
(Ala.Cr.App. 1994) (table).
 March 29, 1995 — The appellant filed a petition for post-conviction relief pursuant to Rule 32, Ala.R.Crim.P., challenging the voluntariness of his guilty plea.
 April 27, 1995 — The appellant's Rule 32 petition was denied by the trial court.
 May 8, 1995 — The appellant filed a notice of appeal from the trial court's denial of his Rule 32 petition.
 March 8, 1996 — This Court remanded the appellant's case to the trial court for that court to examine the merits of the appellant's claims. Gordon v. State, 692 So.2d 869 (Ala.Cr.App. 1996). The trial court again denied the appellant's Rule 32 petition.
 August 23, 1996 — On return to remand, this Court reversed the trial court's denial of the Rule 32 petition and remanded the case to the trial court for a new trial. Gordon v. State, 692 So.2d 871
(Ala.Cr.App. 1996).
 September 6, 1996 — The state filed an application for rehearing and Rule 39(k), Ala.R.App.P., motion.
 November 1, 1996 — This Court overruled the state's application for rehearing and denied its Rule 39(k) motion.
 November 15, 1996 — The state filed a petition for a writ of certiorari to the Alabama Supreme Court, seeking review of this Court's opinion granting the appellant a new trial.
 February 11, 1997 — The appellant's new trial began. No objection to the trial court's lack of jurisdiction over the appellant was entered.
 February 13, 1997 — The appellant was convicted of the unlawful possession of cocaine.
 February 28, 1997 — The appellant was sentenced as a habitual felony offender to 15 years' imprisonment. Defense counsel gave an oral notice of appeal.
 March 28, 1997 — The Alabama Supreme Court denied the state's petition for certiorari review of the judgment of this court granting the appellant a new trial, Ex parte State, 692 So.2d 872 (Ala. 1997), and this Court issued a certificate of final judgment.
 May 2, 1997 — The trial court conducted a hearing on the appellant's motion for a judgment of acquittal or, in the alternative, for a new trial. The motion was denied.
 May 20, 1997 — The appellant filed a written notice of appeal to this Court from his February 13, 1997, conviction.
 October 8, 1997 — The appellant's appeal was submitted on briefs for review by this Court.
On November 3, 1997, the appellant filed a pro se motion,[1]
requesting that this Court nullify his conviction and dismiss his appeal. The appellant contends that because the state's petition for certiorari review was pending in the Alabama Supreme Court at the time of his retrial, the trial court lacked jurisdiction to try him. He cites as authority *Page 945 McKinney v. State, 549 So.2d 166 (Ala.Cr.App. 1989). The state, in its response, "agrees that McKinney controls the resolution of the issue raised by Gordon in his motion."
In McKinney, the trial court retried the defendant while a petition for certiorari review was pending before the Alabama Supreme Court. This Court held that the trial court lacked jurisdiction to retry the defendant:
 " 'The rule has been stated many times that when an appeal is taken the trial court may proceed only in matters entirely collateral to that part of the case which has been taken up by the appeal, but can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court. . . . This is an application of the general rule that jurisdiction of a case can be in only one court at a time.' Foster v. Greer Sons, Inc., 446 So.2d 605, 608 (Ala. 1984) (citations to authority omitted); Sunshine Homes, Inc. v. Newton, 443 So.2d 921, 924 (Ala. 1983). 'After an appeal is taken, the court whence it came loses control of the subject matter or question in the case made the subject of the order, judgment, or decree from which the appeal is taken. Action in said cause should be suspended in the trial court until the appeal is effectively abandoned, dismissed, or decided.' Lewis v. Martin, 210 Ala. 401, 409, 98 So. 635
(1923); Ex parte Pugh, 441 So.2d 126, 127
(Ala. 1983). 'The basic principle is that a case should not be pending in a lower and an appellate court at the same time.' Walker v. Alabama Public Service Commission, 292 Ala. 548, 552, 297 So.2d 370 (1974).
". . . .
 "Because the circuit court was without jurisdiction, its judgment is null and void and will not support an appeal. Jones v. Sears Roebuck Co., 342 So.2d 16, 17 (Ala. 1977). Therefore, this appeal must be dismissed. See State v. Crook, 123 Ala. 657, 27 So. 334 (1899)."
549 So.2d at 167-68 (footnote omitted).
This holding was reaffirmed in Robinson v. State,629 So.2d 3, 4 (Ala.Cr.App. 1993):
 "The trial court did not have jurisdiction to conduct any proceedings in this case while it was pending on appeal. ' "[W]hen an appeal is taken and perfected from the judgment of any court to a higher court, the jurisdiction vests at once in the higher court and such appeal divests the court from which it is taken of all jurisdiction." Green v. State, 21 Ala. App. 201, 203, 106 So. 683
(1925).' McKinney v. State, 549 So.2d 166, 168
(Ala.Cr.App. 1989)."
As in McKinney, the question before this Court is "whether the trial court had jurisdiction to retry the defendant following this Court's reversal of his conviction and granting of a new trial, but before a final judgment had been rendered and while the case was still pending on appeal." 549 So.2d at 166. In the present case, the judgment of this Court granting the appellant a new trial did not become final until a certificate of judgment was entered on March 28, 1997. See Rule 41, Ala.R.App.P. Because an application for rehearing and petition for writ of certiorari stay the issuance of the certificate of judgment, Jackson v. State, 566 So.2d 758, 759
n. 2 (Ala. 1990), citing Pratte v. State, 465 So.2d 483
(Ala.Cr.App. 1985), the appellant's judgment did not become final until March 28, 1997, the date the Alabama Supreme Court denied the state's petition for writ of certiorari and the Court issued its certificate of judgment. See Gordon v. State,692 So.2d 872 (Ala. 1997).
The judgment and conviction resulting from the jury trial conducted while jurisdiction of the case was in the Supreme Court are a nullity and therefore must be and are hereby set aside. Despite the time, effort, and expense of all parties, we are left with no other choice than to set aside the verdict. It is unfortunate that this matter was not called to the attention of the trial court before the appellant's trial began. We encourage both trial courts and counsel to take measures to ensure that the appellate process is complete before retrying defendants.
Accordingly, for the foregoing reasons, this appeal is dismissed. *Page 946 
CONVICTION SET ASIDE; APPEAL DISMISSED.
All the Judges concur.
[1] Following his conviction and sentencing, the appellant filed a motion requesting that his appointed counsel be allowed to withdraw and requesting that he be allowed to proceed pro se.
The appellant's motion further explicitly stated that he wished to waive his right to counsel on appeal and to be allowed to proceed pro se. The trial court granted the appellant's request.