The appellant, Marilyn Sue Trammell, was found guilty in district court on charges of harassment, resisting arrest, and obstruction of governmental operations. On appeal to the Jefferson Circuit Court, she was found guilty, after a jury trial, of the single offense of resisting arrest. John G. Stokesberry, who had been appointed to be a special judge for temporary service, ordered Trammell to serve 60 days' hard labor and to pay a $50 fine.
The appellant states the following issues in her direct appeal: (1) whether the trial court had jurisdiction to hear a misdemeanor case which arose within the jurisdiction of the City of Birmingham; (2) whether a special circuit judge, who was *Page 399 
not a resident of the county he was appointed to serve, was qualified to preside over her case; (3) whether there was sufficient evidence to support a verdict of resisting arrest when the appellant was found not guilty of the underlying charge of harassment; and (4) whether the actions of the appellant rose to the level of resisting arrest. Because reversal is required as to the second issue, we need not address the remaining issues.
The record reveals that Stokesberry presided as a special circuit judge over the appellant's case and sentencing. In Gwin v. State, [Ms. CR-98-1857, April 28, 2000] ___ So.2d ___ (Ala.Cr.App. 2000), this court held that, pursuant to §§ 12-1-14 and 12-17-22, Ala. Code 1975, Stokesberry was not qualified to serve as a special circuit judge in Jefferson County because he resided in Calhoun County. Stokesberry, therefore, improperly presided over the appellant's case.
A judgment rendered by a person acting as a special judge, but who has not been appointed in accordance with constitutional and statutory requirements, is a nullity. Saylors v. State, 836 S.W.2d 769
(Tex.Ct.App. 1992); cf. Crumpton v. State, 677 So.2d 814
(Ala.Cr.App. 1995) (trial court's judgment reversed because judge should have recused himself in accordance with Canon 3.C.(1), Alabama Canons of Judicial Ethics). Here, the special judge who presided over the case had no jurisdiction, and the judgment against the appellant is, therefore, void.
"`Because the circuit court was without jurisdiction, its judgment is null and void and will not support an appeal.'"Gordon v. State, 710 So.2d 943, 945 (Ala.Cr.App. 1998), quotingMcKinney v. State, 549 So.2d 166, 168 (Ala.Cr.App. 1989). Therefore, because there is no judgment from which to appeal, this cause is due to be transferred back to the circuit court for proceedings not inconsistent with this opinion.
CASE TRANSFERRED TO CIRCUIT COURT.
Long, P.J., and Cobb, Baschab, and Fry, JJ., concur.