On Remand from the Alabama Supreme Court

WISE, Judge.
Taurus Carroll was convicted of murder made capital because it was committed during the course of a robbery in the first degree, see § 13A-5-40(a)(2), Ala.Code 1975. The circuit court overrode the jury’s recommendation that Carroll be sentenced to life imprisonment without the possibility of parole and sentenced him to death. On August 27, 1999, this Court affirmed Carroll’s conviction. Carroll v. State, 852 So.2d 801 (Ala.Crim.App.1999). However, we remanded Carroll’s case for the circuit court to reevaluate Carroll’s sentence in light of our holding that the circuit court “erred in using Carroll’s prior youthful offender adjudications to negate the existence of the statutory mitigating circumstance of ‘no significant history of prior criminal activity.’ ” 852 So.2d at 818. The circuit court submitted an amended sentencing order on September 29, 1999. The order indicated that the court had reweighed the aggravating circumstances and the mitigating circumstances and again overrode the jury’s recommendation of life imprisonment without the possibility of parole and again sentenced Carroll to death. This Court affirmed Carroll’s death sentence, determining that the circuit court’s finding was supported by the record and that imposition of the death penalty was appropriate. Carroll v. State, 852 So.2d at 818 (Ala.Crim.App.1999) (opinion on return to remand). The Alabama Supreme Court affirmed Carroll’s capital-murder conviction, but it remanded the case to this Court, holding that the circuit court had failed to state specific reasons for failing to accept the jury’s recommendation of life imprisonment without the possibility of parole, as mandated by Ex parte Taylor, 808 So.2d 1215 (Ala.2001). Ex parte Carroll, 852 So.2d 821 (Ala.2001).
On August 13, 2001, the circuit court submitted another amended sentencing order to this Court, in which it reweighed the aggravating circumstances and the mitigating circumstances; it again overrode the jury’s recommendation and sentenced Carroll to death. We concluded that the circuit court’s reasons for overriding the jury’s recommendation were sufficient to comply with the dictates of Ex *839 parte Taylor, supra, and we affirmed the circuit court’s judgment sentencing Carroll to death.
Carroll again petitioned the Alabama Supreme Court for certiorari review. That court granted Carroll’s petition, and on July 26, 2002, reversed our judgment upholding Carroll’s death sentence and remanded this case to us with instructions that we instruct the circuit court to resen-tence Carroll in accordance with the jury’s recommendation to life imprisonment without the possibility of parole. Ex parte Carroll, 852 So.2d 833, 837 (Ala.2002). On September 20, 2002, the Supreme Court modified its opinion of July 26, 2002, and denied the State’s application for rehearing. A certificate of judgment was issued by the Supreme Court on October 10, 2002, and the case was remanded to this Court.
In accordance with the judgment of the Supreme Court in Ex parte Carroll, we again remand this case for the circuit court to resentence Carroll to life imprisonment without the possibility of parole, as the jury originally recommended following Carroll’s 1997 trial.[1]
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.

. We note that on September 27, 2002, the circuit court entered an order purporting to resentence Carroll in accordance with the Supreme Court's decision. However, the circuit court lacked jurisdiction to resentence Carroll at that time because jurisdiction over the case remained with the Supreme Court until October 10, 2002, the date it issued the certificate of judgment in this case. Moreover, the Supreme Court remanded the case to this Court for further proceedings, rather than directly to the circuit court. " 'The general rule is that jurisdiction of one case cannot be in two courts at the same time.' " Rogers v. State, 782 So.2d 847, 848 (Ala.Crim.App.2000) (quoting Ex parte Hargett, 772 So.2d 481, 483 (Ala.Crim.App.1999)). Because the circuit court lacked jurisdiction to resentence Carroll on September 27, 2002, its judgment purporting to do so is null and void. See Gordon v. State, 710 So.2d 943, 945 (Ala.Crim.App.1998) (quoting McKinney v. State, 549 So.2d 166, 168 (Ala.Crim.App.1989)).