WISE, Judge
(dissenting).
I respectfully dissent from this Court’s denial of the State’s petition for a writ of prohibition directing Judge Charles W. Fleming to set aside his order allowing Franklin E. Herring to be released on bond pending the outcome of his appeal to this Court.
In June 2005, Herring was convicted of manslaughter; he was sentenced in August 2005 to 11 years in the state penitentiary. On August 24, 2005, Herring filed a timely motion for a new trial. The motion was deemed denied by operation of law on October 3, 2005.[5] See Rule 24.4, Ala. *1223 R.Crim.P. Herring filed a timely notice of appeal on November 1, 2005. Filed concurrently with the notice of appeal was a request that Herring be released on bond during the pendency of his appeal to this Court.
On March 23, 2006, the circuit court held a hearing on Herring’s request for an appeal bond and ordered that Herring be released.[6] The district attorney then filed this petition for a writ of prohibition requesting that we direct Judge Fleming to set aside his March 23, 2006, order.
Section 12-22-170, Ala.Code 1975, states:
“When any question of law is reserved in case of a felony and it shall be made known to the court that the defendant desires to take an appeal to the appropriate appellate court, judgment must be entered against the defendant, but execution thereof must be stayed pending the appeal and the defendant held in custody. If the sentence is for a term not exceeding 20 years, the judge must direct the clerk of the court in which the conviction is had to admit the defendant to bail in a sum to be fixed by the judge, with sufficient surety, conditioned upon his appearance at the court, from time to time thereafter, as fixed by the court to abide such judgment as may be entered on the appeal. All proceedings for forfeiture of bail and arrest under this section shall be had and conducted as is otherwise provided in this code for such proceedings.”
After the codification of § 12-22-170, Ala. Code 1975, the Alabama Supreme Court adopted Rule 7.2(c), Ala.R.Crim.P., which became effective January 1, 1991. Rule 7.2(c), Ala.R.Crim.P., states:
“(1) A defendant who has been convicted of an offense and who for that offense has been sentenced to punishment by death, by life imprisonment, or by imprisonment for a term in excess of twenty (20) years, shall not be released.
“(2) Any defendant who has been convicted of an offense for which the defendant has been sentenced to a term of imprisonment for twenty (20) years or less may be released on a secured appearance bond or on the defendant’s personal recognizance,
“(i) Upon application for release made concurrently with the filing of a notice of appeal, or
“(ii) If the application for probation is made, upon application for release made at any time before probation has been granted or denied.”
Under current Alabama law there is no absolute right to bail after conviction. Rule 7.2, Ala.R.Crim.P., as applied to all defendants by Rule 1.5, Ala.R.Crim.P., superseded both Rule 9(b), Ala.R.App.P.,[7] and § 12-22-170, Ala.Code 1975.
Rule 7.2, Ala.R.Crim.P., requires that the request for bail on appeal be made contemporaneously with the filing of a notice of appeal. # Here, Herring requested bail when he filed his notice of appeal; therefore, Herring complied with Rule 7.2(i), Ala.R.Crim.P. However, no action was taken on the appeal-bond request until almost five months after the notice of appeal had been filed. Although Rule 7.2, Ala.R.Crim.P., states that a motion for an appeal bond must be filed concurrently *1224 with the notice of appeal, the Rule does not provide a specific time within which a circuit court must dispose of a motion for an appeal bond. However, Rule 7.2(2)(ii), Ala.R.Crim.P., does state that a judge may entertain a request for an appeal bond if the request is made “at any time before probation has been granted or denied.” The Alabama Supreme Court has stated that probation may be granted at any time before the execution of a sentence has begun. See State v. Green, 436 So.2d 803 (Ala.1983). See also United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1928).
Based on my reading of Rule 7.2, Ala. R.Crim.P., in its entirety, I believe that the Supreme Court intended that the latest point at which a circuit court may consider a request for an appeal bond is when probation is either granted or denied or when a court’s authority to grant or deny probation has expired.[8]
In this case, there was no request for probation. Herring was transported to a state penitentiary to begin serving his sentence after his sentence was pronounced in August 2005.[9] According to my interpretation of Rule 7.2, Ala. R.Crim. P., Judge Fleming violated 7.2(2)(ii), by disposing of the motion for an appeal bond some five months after Herring had commenced serving his sentence.[10]
I believe that this interpretation is in keeping with prior caselaw that addresses the effect of § 12-22-133, Ala.Code 1975. Section 12-22-133, addresses the limited jurisdiction of a lower court once a notice of appeal has been filed. This section states:
“Where an appeal is taken from the judgment of any municipal, district or circuit court in criminal cases, the trial court retains jurisdiction for the purpose of granting a motion for a new trial and also retains jurisdiction for the purpose of enforcing its judgment where the appeal is dismissed before the judgment of the appellate court is entered.”
When construing the application of § 12-22-133, Ala.Code 1975, this Court in McKinney v. State, 549 So.2d 166 (Ala.Crim.App.1989), stated:
“ ‘The rule has been stated many times that when an appeal is taken the trial court may proceed only in matters entirely collateral to that part of the case which has been taken up by the appeal, but can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court.... This is an application of the general rule that jurisdiction of a case can be in only one court at a time.’ Foster v. Greer & Sons, Inc., 446 So.2d 605, 608 (Ala.1984) (citations to authority omitted); Sunshine Homes, Inc. v. Newton, 443 So.2d 921, 924 (Ala.1983). ‘After an appeal is taken, the court whence it came loses control of the subject matter or question in the case made the subject of the *1225 order, judgment, or decree from which the appeal is taken. Action in said cause should be suspended in the trial court until the appeal is effectively abandoned, dismissed, or decided.’ Lewis v. Martin, 210 Ala. 401, 409, 98 So. 685 (1923); Ex parte Pugh, 441 So.2d 126, 127 (Ala.1983). ‘The basic principle is that a case should not be pending in a lower and an appellate court at the same time.’ Walker v. Alabama Public Service Commission, 292 Ala. 548, 552, 297 So.2d 370 (1974).
“The only exceptions to this rule, with regard to criminal cases, are found in Ala.Code 1975, § 12-22-133:
“ “Where an appeal is taken from the judgment of any municipal, district, or circuit court in criminal cases, the trial court retains jurisdiction for the purpose of granting a motion for a new trial and also retains jurisdiction for the purpose of enforcing its judgment where the appeal is dismissed before the judgment of the appellate court is entered.’
“Cf Ex parte Andrews, 520 So.2d 507, 510 (Ala.1987) (in a civil case, ‘a notice of appeal filed within 30 days of judgment does not divest the trial court of jurisdiction to receive [timely filed] post-judgment motions to alter, amend, or vacate ... and to rule thereon’).
“Obviously, the appeal was not dismissed. Here, the appeal was from the denial of a petition for writ of error coram nobis and there was no motion for new trial. See Osborn v. Riley, 331 So.2d 268, 271 (Ala.1976). ‘In the absence of express statutory provisions, when an appeal is taken and perfected from the judgment of any court to a higher court, the jurisdiction vests at once in the higher court and such appeal divests the court from which it is taken of all jurisdiction.’ Green v. State, 21 Ala.App. 201, 203, 106 So. 683 (1925). See Pratte v. State, 465 So.2d 483, 484 (Ala.Cr.App.1985) (‘[T]he second sentencing of appellant by the trial court during the time this court had exclusive jurisdiction of the case [after the, sentence had been reversed and while the appeal was pending on rehearing], and before the final decision of this court was a nullity .... was invalid and void.’). See also State v. Williams, 19 Ala.App. 597, 99 So. 660 (1923) (After a defendant has appealed, the circuit court is ‘without jurisdiction to grant and fix bail under § 12-22-170, since, if the defendant has any rights under that section, he must proceed in the appellate court and not the circuit court.’)', De Bardeleben v. State, 16 Ala.App. 367, 369, 77 So. 979 (1918) (same); Ex parte Alabama State Bar, 285 Ala. 191, 194, 230 So.2d 519 (1970) (‘While the appeal suspends the execution of the sentence of the criminal court pending appeal, ... the matter of the conviction remains and continues to exist.’) Brown v. State, 250 Ala. 444, 447, 35 So.2d 518 (1948) (We think the petition to the circuit court for the writ [of error coram nobis] was properly dismissed because that court had no jurisdiction to hear it while the appeal [of the conviction] was pending and undisposed of, ... If that [circuit] court had no jurisdiction of the subject matter at that time, the dismissal was not erroneous.’).
“ ‘The general rule is that an appeal ..., when duly perfected, divests the trial court of jurisdiction of the cause and transfers such jurisdiction to the appellate court where it remains until the appellate proceeding terminates and the trial court retains jurisdiction.’ 4 Am.Jur.2d Appeal and Error § 352 (1962). See State ex rel. Attorney General v. Brewer, 19 Ala.App. 330, 331, 97 So. 777, cert. denied, 210 Ala. 229, 97 So. *1226 778 (1923) (‘After an appeal was taken by defendant in the manner provided for by the statute, jurisdiction was transferred from the circuit court to this court, and the trial court was without authority to entertain the motion for new trial.... The action of the court in granting a new trial after the cause had been removed to the Court of Appeals was void.’).
“A court’s lack of subject-matter jurisdiction is fundamental, cannot be waived, and may be raised at any time. Ex parte City of Dothan, 501 So.2d 1136, 1139 (Ala.1986). See also Rule 16.2(d), A.R.Cr.P.Temp.”
549 So.2d at 167-68 (emphasis added; footnotes omitted).
In State v. Taylor, 681 So.2d 278 (Ala.Crim.App.1996), the attorney general filed a petition for a writ of mandamus directing the lower court to vacate its order staying execution of Taylor’s sentence. The motion was filed after this Court had affirmed Taylor’s conviction and while the case was pending on certiorari review before the United States Supreme Court. This Court, when granting the attorney general’s petition for a writ of mandamus, cited § 12-22-133, Ala.Code 1975, and stated:
“A further explanation of the trial court’s limited jurisdiction while a case is pending appeal is contained in the following excerpt from Corpus Juris Secundum:
“ ‘After jurisdiction has been transferred by the perfection of the proceedings for appellate review, the respective powers of the appellate and lower court are largely determined by the statutes regulating appellate matters in the particular jurisdiction. Usually, however, the transfer of jurisdiction gives to the appellate court the exclusive power and authority over the cause, action, or subject matter of the appellate proceeding, and the authority of the lower court with reference thereto is suspended so that it cannot proceed with the case until the appellate proceeding is heard and determined and the remittitur or mandate is regularly returned and entered on the records.
“ ‘Not only does the appellate court acquire jurisdiction in all matters pertaining to the subject matter of the appeal or writ of error itself and to the proper hearing thereof, but also with respect to all applications which, by statute, may, after the taking of the appeal ... be made to such court; and, when its jurisdiction has attached, it may permit the subsequent performance of any act to perfect the appeal which is not essential to its jurisdiction and which was unintentionally omitted.
“ ‘After jurisdiction has been transferred the lower court cannot proceed in any manner so as to affect the jurisdiction acquired by the appellate court, or defeat the right of appellant or plaintiff in error to prosecute his appeal or writ of error with effect....
“ ‘... Unauthorized proceedings in the lower court, after jurisdiction has been acquired by the appellate court, are generally held to be void ... ’
“4A C.J.S. § 607. See also 4 Am.Jur.2d Appeal and Error § 352 (1962).
“As stated above, Alabama’s § 12-22-133, Code of Alabama 1975, states that the trial court retains jurisdiction to grant a motion for a new trial and to enforce its judgment where the appeal is dismissed before the judgment of the appellate court is entered. This section clearly implies that the trial court re *1227 tains no other jurisdiction of the case during the appeals process.”
681 So.2d at 279.
In this case, Herring was sentenced on August 2, 2005, and filed a timely motion for a new trial on August 24, 2005. According to Rule 24.4, Ala.R.Crim.P., the motion was deemed denied by operation of law on October 3, 2005 — 60 days after the date of sentencing. The notice of appeal was timely filed on November 1, 2005. Because the motion for new trial had already been disposed of when the notice of appeal was filed, jurisdiction of the case was placed exclusively in this Court on November 1, 2005 — the date on which Herring filed the notice of appeal. “The general rule is that jurisdiction of one case cannot be in two courts at the same time. McKinney v. State, 549 So.2d 166 (Ala.Cr.App.1989).” Ex parte Hargett, 772 So.2d 481, 483 (Ala.Crim.App.1999). Therefore, in my opinion Judge Fleming had no jurisdiction to order Herring’s release after jurisdiction of this case was exclusively with this Court.
Furthermore, Herring had commenced serving his sentence almost five months before the circuit court granted an appeal bond. Thus, based upon my interpretation of Rule 7.2(2)(ii), Ala.R.Crim.P., Judge Fleming acted past the time for granting an appeal bond.[11]
Nor, can I agree with the special concurrence that an appeal bond is a collateral consequence of a criminal appeal to this Court. “Collateral” is defined in Black’s Law Dictionary as “[s]upplementary; accompanying, but secondary and subordinate to.” Black’s Law Dictionary 278 (8th ed.2004). Typically, the freedom of a defendant is the very crux of an appeal to this Court; thus, I believe that release pending appeal is a direct consequence of a criminal appeal.
Also, I fear that the majority’s interpretation of this rule will adversely impact the enforcement of our judgments. After a defendant has been convicted and sentenced to a term of imprisonment, he has little motivation to comply with the terms of an appeal bond and may flee this State’s jurisdiction. Clearly, when the Supreme Court adopted Rule 7.2, Ala.R.Crim.P., it evidenced its intent in favor of a defendant’s being incarcerated pending the outcome of his appeal. Before the adoption of Rule 7.2, Ala.R.Crim.P., Section 12-22-170, Ala.Code 1975, specifically allowed for the mandatory release of a defendant if he was sentenced to a term of less than 20 years. There is no longer a mandatory presumption in favor of release after conviction.
It has been my experience while a member of this Court that the facts presented in this case represent the exception and not the rule. Trial judges normally dispose of requests for appeal bonds at the time that a notice of appeal is filed, which is typically after a sentence is pronounced in open court. Unlike the special concurrence, I believe that my interpretation of Rule 7.2, Ala.R.Crim.P., will have little, if any, impact on the number of appeal bond cases this Court will have to consider.
Neither can I agree with the special concurrence’s reliance on the Committee Comments to Rule 7.2, Ala.R.Crim.P. Although committee comments to a rule of court may be persuasive, they are not binding on a court’s interpretation of a rule. See Iverson v. Xpert Tune, Inc., 553 So.2d 82 (Ala.1989); Thomas v. Liberty *1228 Nat’l Life Ins. Co., 368 So.2d 254 (Ala.1979).
Accordingly, I believe the district attorney’s petition for a writ of prohibition is due to be granted, and I respectfully dissent from the order denying the writ.

. Although the circuit court had lost jurisdiction to do so, it purported to deny the motion *1223 for a new trial on October 20, 2005 — after the motion had been deemed denied by operation of law 60 days after sentencing.

. The day after Herring was released, Herring's brief was filed in this Court.

. Rule 9(b), Ala. R.App. P., states: "Release after judgment of conviction shall be governed by Title 15, §§ 368 and 372 [now Ala. Code 1975, § 12-22-170].”

.I believe that this view promotes finality of judgments and is consistent with Rule 1.2, Ala.R.Crim.P. Rule 1.2 states:
"These rules are intended to provide for the just and speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare.”

. The circuit court did not stay execution of Herring’s sentence. See Patterson v. State, 43 Ala.App. 190, 185 So.2d 527 (1966).

. I believe the Alabama Supreme Court intended that a trial judge have jurisdiction to entertain a request for bail at any time before a defendant is remanded to the custody of the Alabama Department of Corrections.

. I urge the Alabama Supreme Court to address the problems exemplified by this case by amending Rule 7.2, Ala.R.Crim.P., to provide a time period within which a lower court may entertain a request for an appeal bond.