On Remand from the Alabama Supreme Court

KELLUM, Judge.[1]
The appellant, A.L.L., was indicted for vehicular homicide, a violation of § 32-5A-192, Ala.Code 1975, and for assault in the second degree, a violation of § 13A-6-21, Ala.Code 1975. A.L.L. subsequently applied for and was granted youthful-offender status. Following a bench trial, the circuit court adjudicated A.L.L. a youthful offender based on the underlying charges of vehicular homicide and second-degree assault. The circuit court sentenced A.L.L. to concurrent three-year terms in the community-corrections program and ordered A.L.L. to serve six consecutive weekends in jail and to perform community service. A.L.L. appealed.
On appeal, A.L.L. argued that the circuit court erred by not dismissing count one of the indictment charging A.L.L. with vehicular homicide because, he argued, the indictment was fatally flawed and that the court erred when it denied his motion for judgment of acquittal as to the charge of assault in the second degree. This Court reversed the judgment of the circuit court adjudicating A.L.L. a youthful offender based on the underlying charge of vehicular homicide and remanded the case for further proceedings. See A.L.L. v. State, 42 So.3d 138 (Ala.Crim.App.2008).
The State petitioned the Alabama Supreme Court for certiorari review, which that court granted. On August 21, 2009, the Supreme Court reversed that portion of this Court’s judgment addressing whether the indictment charging A.L.L.
with vehicular homicide was fatally flawed, holding:
“A.L.L.’s indictment substantially followed the language of § 32-5A-192 (a). It was ‘a plain, concise statement of the charge in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged.... ’ Rule 13.2(a), Ala. R.Crim. P. The vehicular-homicide indictment clearly ‘ “ ‘apprise[d] [A.L.L.] with a reasonable certainty of the nature of the accusation against him so that he [could] prepare his defense and plead the judgment of conviction as a bar to any subsequent prosecution for the same offense.”” Shouldis v. State, 953 So.2d 1275, 1283 (Ala.Crim.App.2006)(quoting Moore v. State, 697 So.2d 800, 802 (Ala.Crim.App.1996), quoting in turn other cases). Had A.L.L. felt that additional details concerning the alleged offense were needed, he could have made a motion for a more definite statement. See Rule 13.2(e), Ala. R.Crim. P.”
A.L.L. v. State, 42 So.3d 146, 150 (Ala.2009).
In light of the Supreme Court’s holding, we affirm the circuit court’s adjudication of A.L.L. as a youthful offender based on the underlying charge of vehicular homicide. A.L.L.’s adjudication as a youthful offender based on the underlying charge of assault in the second degree is reversed and the case remanded for the reasons set out in this Court’s September 26, 2008, opinion. On remand, the circuit court shall adjudicate A.L.L. a youthful offender based on the underlying offense of assault in the third degree. See, e.g., Edwards v. State, 452 So.2d 506 (Ala.Crim.App.1983), aff'd, 452 So.2d 508 (Ala.1984). *162 See also J.F.C. v. City of Daphne, 844 So.2d 608 (Ala.Crim.App.2002).[2]
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.*
WISE, P.J., and WELCH, WINDOM, and MAIN, JJ., concur.

. This case was originally assigned to another judge on the Court of Criminal Appeals; it was reassigned to Judge Kellum on January 20, 2009.

. We note that on April 20, 2009, the circuit court entered an order purporting to adjudicate A.L.L. a youthful offender based on the underlying offense of assault in the third degree and to resentence A.L.L. in accordance with this Court’s September 26, 2008, decision. See A.L.L. v. State, 42 So.3d 138 (Ala.Crim.App.2008). However, the circuit court lacked jurisdiction to resentence A.L.L. at that time because the Supreme Court had granted certiorari review and, therefore, maintained jurisdiction over the case. " ‘The general rule is that jurisdiction of one case cannot be in two courts at the same time.' ” Rogers v. State, 782 So.2d 847, 848 (Ala.Crim.App.2000) (quoting Ex parte Hargett, 772 So.2d 481, 483 (Ala.Crim.App.1999)). Because the circuit court lacked jurisdiction to resentence A.L.L. on April 20, 2009, its judgment purporting to do so is null and void. See Gordon v. State, 710 So.2d 943, 945 (Ala.Crim.App. 1998) (quoting McKinney v. State, 549 So.2d 166, 168 (Ala.Crim.App.1989)).

 Note from the reporter of decisions: On January 22, 2010, on return to remand, the Court of Criminal Appeals affirmed, without opinion.